IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**,

v.                                    **CRIMINAL NO.** 11-242 (FAB)

LUIS CALDERON-RODRIGUEZ,

**Defendant**.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On September 12, 2011, the government filed a motion *in limine* to preclude allegations of entrapment and jury nullification during defendant's opening statements.  (Docket No. 22.)  On September 17, 2011, the defendant filed an opposition.  (Docket No. 39.)  The Court **DENIES** the government's motion *in limine*.

The government maintains that the defendant cannot meet the burden of production as to the two elements comprising an entrapment defense, and accordingly should be denied the opportunity to argue for the entrapment defense during his opening statement.  The two elements are as follows:  "(1) government inducement of the accused to engage in criminal conduct, and (2) the accused's lack of predisposition to engage in such conduct."  United States v. Sanchez-Berrios, 424 F.3d 65, 76 (1st

Criminal No. 10-232 (FAB)                                                                 2

Cir. 2005) (quoting United States v. Rodriguez, 858 F.2d 809, 812

(1st Cir. 1988)).   Only when the defendant has satisfied his

"entry-level burden of production as to both elements", does the

burden shift to the government to prove beyond a reasonable doubt

that no entrapment occurred.   Id.   Moreover, the defendant is

entitled to a jury instruction on his entrapment defense only if he

carries this entry-level burden.   Id. (affirming district court's

refusal to grant an entrapment instruction because appellant

"provided no evidence of improper inducement adequate to satisfy

his entry-level burden of production.")   It is clear that the

defendant bears the burden to prove the two elements of entrapment

by providing evidence, through witness testimony or otherwise, at

trial.   The government asks the Court effectively to preclude

defendant from even attempting to prove this burden, by preventing

his counsel from raising the merits of an entrapment defense in his

opening statement.   The Court sees no reason why defense counsel

should be barred from alerting the jury to a defense of entrapment

in his opening statement.   See United States v. Van Horn, 277 F.3d

48, 52 (1st Cir. 2002).   The defendant must carry his burden,

however, to prove the two entrapment elements through evidence

presented during trial in order to receive an entrapment

instruction from the judge.   If the defendant decides to raise the

Criminal No. 10-232 (FAB)                                              3

entrapment defense during his opening statement and pursues the

defense, the government will have the opportunity to rebut it.  <u>See</u>

<u>United States v. Hicks</u>, 635 F.3d 1063, 1072 (7th Cir. 2011)

(quoting <u>United States v. Goodapple</u>, 958 F.2d 1402, 1407 (7th Cir.

1992) (affirming that the government may present evidence of

defendant's predisposition to commit a crime only once an

"entrapment defense is clearly raised in the defense's opening

statement and the entrapment defense obviously materializes through

a defendant's presentation of its own witnesses or through cross-

examination of the government's witnesses.")  If the defendant

raises the entrapment defense in his opening statement, he does so

at his own risk.  If he is unable to materialize the defense during

the trial, the Court will not give an entrapment instruction at the

end of the evidence presentation.  For the reasons stated, the

government's motion *in limine* to preclude allegations of entrapment

during defendant's opening statements is **DENIED**.

The government also moves this Court to preclude the defense

"from raising arguments generally related to jury nullification."

(Docket No. 22 at 6.)  The Court will address the arguments raised

by defense counsel and the corresponding objections raised by the

government on a case-by-case basis.  Suffice it to say, however,

that to the extent defense counsel chooses to encourage jurors to

Criminal No. 10-232 (FAB)                                                                 4

nullify the law, the Court will step in and "block defense attorneys' attempts to serenade a jury with the siren song of nullification." <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1190 (1st Cir. 1993).  The government's motion for an explicit preclusion of certain arguments the defense may make during opening arguments is **DENIED.**

   **IT IS SO ORDERED.**

   San Juan, Puerto Rico, September 19, 2011.


                                        <u>s/ Francisco A. Besosa</u>
                                        FRANCISCO A. BESOSA
                                        United States District Judge